Electronically Submitted
3/10/2021 3:49 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

# EXHIBIT A

CAUSE NO. 2021-430-A

| | | |
|---|---|---|
| CARR ENTERPRIES INC DBA ABC PRINTING,<br>    Plaintiff, | §§§§§§§§§ | IN THE DISTRICT COURT |
| vs. | | 188th _____ JUDICIAL DISTRICT |
| ACADIA INSURANCE COMPANY,<br>    Defendant. | | GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

CARR ENTERPRISES INC DBA ABC PRINTING, Plaintiff herein, files this its Original Petition against Defendant, ACADIA INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I.      PARTIES

1.      Plaintiff, CARR ENTERPRISES INC DBA ABC PRINTING, owns the property made the basis of this suit located at: 1300 Alpine Rd., Longview, Texas 75601, Texas in Gregg County, Texas (the "Property").

2.      Defendant, ACADIA INSURANCE COMPANY ("ACADIA" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and was engaged in the insurance business in this State during all relevant times to this lawsuit. Defendant may be served by serving its registered agent, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201. Service is requested by private process server at this time.

### II.      DISCOVERY

3.      Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

### III.      CLAIM FOR RELIEF

4.     At this time, Plaintiff cannot assess accurately a definite limit to the damages they have sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what they may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief of over $250,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages they seek pursuant to Tex. R. Civ. P. 47(c), they desire to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV.     JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in Gregg County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.     FACTUAL BACKGROUND

7.     Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

Copy from re:SearchTX

8.      The agreement was drafted by Defendant and assigned Policy Number CPA 4644232-14 (the "Policy"). The Policy's effective date was from August 30, 2017 to August 30, 2018 (referred to as the "Policy Period").

9.      The Policy covers damage to property as a result of hail, wind, and rain.

10.     During the Policy Period, a wind, hail and rain storm hit Gregg County, Texas damaging Plaintiff's Property.

11.     Plaintiff subsequently filed a claim under the Policy.

12.     Defendant assigned the claim, claim number 80 PC 000000080777 (referred to as the "Claim").

13.     Defendant conducted an inspection of the Property on or about November 2019. Defendant hired ProNet Group, Inc. ("Pronet") and Boyd, Inc. ("Boyd") to perform inspections of the Property on or about January 2020 and October 2020, respectively. Defendant, ProNet, and Boyd failed to perform a proper inspection of the Property and as a result, Defendant improperly undervalued and/or underpaid the Claim.

14.     Defendant and its adjusters assigned to the Claim failed to include all of the damages sustained by the Property and undervalued the damages observed during the inspection.

15.     Defendant and its adjusters' unreasonable investigation led to the underpayment of Plaintiff's claim.

16.     Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.    CAUSES OF ACTION

**A.      Breach of Contract**

17.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 16 of this petition.

18.     Defendant entered into the Policy with Plaintiff.

19.     Plaintiff's Property sustained damage during the Policy Period as a result of rain, wind, and hail which is a covered cause of loss under the Policy.

20.     Defendant breached the terms of the Policy by wrongfully underpaying the Claim.

21.     As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

**B.      Insurance Code Violations**

22.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 21 of this Petition.

*Prompt Payment of Claims Statute*

23.     As set forth above, Plaintiff was insured under the Policy during the Policy Period.

24.     During the Policy Period, a wind and hail storm swept through Gregg County, Texas and damaged Plaintiff's Property.

25.     As a result, Plaintiff gave proper notice of a claim under the Policy to Defendant.

26.     Defendant is under an obligation to promptly pay Plaintiff's claim.

27.     Defendant delayed payment of Plaintiff's claim for a time exceeding the period specified by statute by underpaying damages covered under the Policy and wrongfully denying damages clearly covered from the Policy.

28.     To date, Defendant has not tendered payment for all of Plaintiff's damages arising out of its insurance claim with Defendant.

29.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

30.     As a result of the insurance code violations listed above, Plaintiff, in addition to Plaintiff's claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

31. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

32. Plaintiff is considered a "person" under the Texas Insurance Code § 541.002. Likewise, Defendant is engaged in the business of insurance and is thus a "person" under § 541.002.

33. Defendant violated § 541.051 of the Texas Insurance Code by making statements misrepresenting the terms and/or benefits or advantages of the policy and by using a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies.

34. Defendant violated § 541.060:

   (a) ***541.060(a)(1)-misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue***.

35. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 34 of this Petition.

36. Defendant misrepresented the following:

   i. The proper repair protocol; and

   ii. The reasonable and necessary costs to make repairs.

37. Each of these acts and omissions, singularly or in conjunction with the others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Plaintiff's damages.

   (b) ***§541.060(a)(2)-failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear***.

38. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 37 of this Petition.

39. Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

   i. failing to properly investigate the interior damage;

Copy from re:SearchTX

ii. misrepresenting to Plaintiff that the interior damage was not due to rain water entering the Property from a wind or hail created opening;

iii. ignoring and/or attempting to discredit findings that show hail impact damage;

iv. failing to acknowledge that hail impact damage affected the and hinders the overall functionality of the roofing system; and

vi. failing to write an estimate that includes all storm-created openings and damages found to be sustained by the roofing system.

40. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Plaintiff's damages.

(c) **541.060(a)(3)-failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.**

41. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 40 of this Petition.

42. Defendant failed to promptly provide Plaintiff a reasonable explanation of the basis for Defendant's underpayment of the claim. Defendant's decision letter was based solely on their outcome-oriented report. Defendant failed to explain how it arrived at the damage amounts paid and failed to explain why a full roof replacement was not needed as a result of the storm event.

43. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Plaintiff's damages.

(d) **541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff.**

44. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 43 of this Petition.

45. Defendant failed within a reasonable time to affirm or deny coverage or submit a reservation of rights by taking months to render a decision letter. The initial inspection was on

Copy from re:SearchTX

November 18, 2019. There is no reason why Defendant could not issue a decision letter prior to Fall 2020.

46. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(4), which proximately caused Plaintiff's damages.

> (g) **_541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim_**.

53. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 52 of this Petition.

54. Defendant refused to pay Plaintiff's claim without conducting a reasonable investigation by:

  i. failing to properly investigate the damage;

  ii. failing to find all damage arising out of the storm event;

  iii. hiring an engineer to investigate the claim in an effort to solely deny or underpay Plaintiff's claim, despite clear evidence to the contrary; and

  iv. failing to write an estimate that included damage found by Defendant's own engineer.

55. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Plaintiff's damages.

59. Defendant violated § 541.061:

  i. making an untrue statement of material fact;

  ii. failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  iii. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  iv. making a material misstatement of law; and

  v. failing to disclose a matter required by law to be disclosed.

### C. DTPA Violations

60. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 59 of this Petition.

61. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

62. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

63. Defendant violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

64. As a result, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b) and reasonable and necessary attorney's fees as allowed by § 17.50 of the Business and Commerce Code.

### D. Breach of The Duty of Good Faith and Fair Dealing

65. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 64 of this Petition.

66. Plaintiff and Defendant entered into a valid and enforceable insurance policy.

67. Defendant owed Plaintiff the common law duty of good faith and fair dealing.

68. Defendant breached the common law duty of good faith and fair dealing by:

    i. failing to properly investigate the damage;

    ii. failing to find all damage arising out of the storm event;

    iii. hiring an engineer to investigate the claim in an effort to solely deny or underpay Plaintiff's claim, despite clear evidence to the contrary; and

Copy from re:SearchTX

    iv.    failing to write an estimate that included damage found by Defendant's own engineer.

69. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

70. Defendant was aware at all times that its actions would result in the denial and/or underpayment of Plaintiff's Claim, cause mental anguish and thus extraordinary harm associated with Plaintiff's Claim.

71. As a result of Defendant's aforementioned acts and/or omissions, Plaintiff sustained actual damages.

## VII. ATTORNEYS' FEES

72. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 71 of this petition.

73. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

74. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

75. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to §§ 541.152 and 542.060 of the Texas Insurance Code.

76. Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII. CONDITIONS PRECEDENT

77. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

Copy from re:SearchTX

## IX. DEMAND FOR JURY

78. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. DISCOVERY REQUESTS

79. Pursuant to Rule 194, you are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1-12.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages, statutory interest and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Preston J. Dugas, III*
Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761
**Attorneys for Plaintiff**