UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00129

**Carr Enterprises Inc. d/b/a ABC Printing,**
*Plaintiff,*

v.

**Acadia Insurance Company,**
*Defendant.*

# ORDER

In this insurance dispute, defendant moves to dismiss plaintiff's complaint for failure to state a claim. Doc. 5. Plaintiff has responded and moved for leave to file a first amended complaint. Doc. 19. The court grants plaintiff's motion, treats defendant's motion as applying to that first amended complaint, and grants the motion in part while denying the remainder.

## Analysis

Rule 15(a)(2) "directs that leave to amend shall be freely given when justice requires." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 743 (S.D. Tex. 1998) (quoting Moore's Fed. Pr. § 9.03[4] (3d. ed. 1997)). Plaintiff has complied with the court's deadlines in seeking leave to amend. And plaintiff's tendered amended complaint does not add claims but, rather, only asserts additional facts and seeks to clarify its claims. Doc. 19. Because the court finds no prejudice to defendant and finds that justice so requires, plaintiff's motion for leave to amend (Doc. 19) is granted.

Because the amended complaint does not add claims and largely tracks the prior complaint, the court also interprets defendant's motion to dismiss (Doc. 5) as applying to plaintiff's first amended complaint (Doc. 19-1). The court therefore analyzes that motion to dismiss below.

Defendant argues that plaintiffs' allegations do not survive scrutiny under Federal Rules of Civil Procedure 8 and 9(b). Rule 8 requires "a short and plain statement of the claim showing that the

pleader is entitled to relief." That standard is known as notice pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). In contrast, Rule 9(b) imposes a heightened pleading standard for claims of fraud or mistake. "In alleging fraud or mistake, a party must state with particularity the circumstance constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

For a claim to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court accepts all well-pleaded facts as true, "labels and conclusions or a formulaic recitation of the elements of the cause of action will not do." *Id.*; *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). "Naked assertion[s] devoid of 'further factual enhancement'" and factual inferences that do not state the underlying facts are insufficient. *Iqbal*, 556 U.S. at 678; *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671, 675 (N.D. Tex. 2013). So, to determine whether a complaint meets the pleading standard, a court first separates legal conclusions from well-pleaded facts and, second, assumes well-pleaded factual allegations are true and determines whether they "plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 678–79. "A motion to dismiss may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Moore v. Allstate Texas Lloyd's*, 742 F. App'x 815, 817 (5th Cir. 2018) (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996)).

## I. Breach of contract claim

Plaintiff alleges that defendant breached an insurance contract by underpaying plaintiff's claim for damages from a hailstorm. Doc. 19-1. Defendant argues that plaintiff's complaint does not sufficiently plead facts that would support any of the breach-of-contract elements. Defendant also argues that "[i]t is not plausible to have a

valid breach of contract claim when there is no reference to any contractual language" in the complaint. Doc. 5 ¶ 11.

Breach-of-contract claims require a party to allege facts that show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

### Element 1: Existence of a valid contract

Defendant argues that plaintiff failed to show the existence of a valid contract because plaintiff did not allege the nature of, or precise obligations under, the contract. Doc. 5 ¶¶ 7–9, 11.

Under the notice-pleading standard, however, quotation of specific language in the contract is not necessarily required. Plaintiff alleges that plaintiff paid for insurance coverage, gives the insurance-policy number and dates, and alleges that the policy covers damage from a wind, hail, and rain storm that hit plaintiff's property. Doc. 19-1 ¶¶ 6–9. Those alleged facts are plausible and adequately plead the existence of a valid contract.

### Element 2: Plaintiff's performance, actual or tendered

Defendant argues that plaintiff did not allege sufficient facts to show that plaintiff fully performed all required conditions precedent under the contract. Doc. 5 ¶¶ 8, 12–13. But plaintiff alleges that "[a]ll conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant." Doc. 19-1 ¶ 70. The federal rules do not require particularity when pleading conditions precedent. Rule 9(c) states: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when *denying* that a condition precedent has occurred or been performed, a party must do so with particularity" (emphasis added). Plaintiff alleges that it *met* all conditions precedent. That general allegation suffices. Plaintiff is not denying that a condition precedent was performed.

### Element 3: Defendant's nonperformance

As to the element of nonperformance, defendant argues that plaintiff does not allege which policy provision defendant failed to satisfy. *Id.* To be sure, "scant assertions of [defendant's] liability" that do not indicate which obligation of the contract was breached fails to meet the pleading standard. *Howley v. Bankers Standard Ins. Co.*, No. 3:19-cv-2477-L, 2020 WL 4731968, at *3 (N.D. Tex. Aug. 14, 2020). But plaintiff here points to defendant's obligations under the contract, whereas the plaintiff in *Howley* did not.

Plaintiff alleges that "[t]he Policy covers damage to property as a result of hail, wind, and rain." Doc. 19-1 ¶ 8. Plaintiff then alleged losses and damages that it suffered, such as interior damage from rain water and damage to the overall functionality of the roof. *Id.* ¶ 38. Plaintiff alleges that defendant "failed to include all of the damages sustained by the Property and undervalued the damages observed during the inspection," and that defendant "undervalued and/or underpaid." *Id.* ¶¶ 12–14. Taking as true plaintiff's statement that the policy covers damage from a hail, wind, or rain storm, and that defendant failed to pay for such damage under the contract, plaintiff has pleaded enough to put defendant on notice that it is accused of failing to meet a contractual obligation to cover such damage.

### Element 4: Damages

Finally, defendant argues that plaintiff did not plead sufficient facts to show damage occurred because plaintiff simply states that its property sustained damage without describing what damage occurred. Doc. 5 ¶¶ 8–11. "[G]eneral assertions devoid of factual content" fail to sufficiently allege a breach of contract claim. *Moore*, 742 F. App'x at 818. But plaintiff here alleges more facts about damages than the plaintiff in *Moore*, including interior damage to the property, hail-impact damage, damage to "the overall functionality of the roofing system," and "storm-created openings and damages found to be sustained by the roofing system." Doc. 19-1 ¶ 38. Under the notice pleading standard, plaintiff has pleaded enough facts to show what type of damage plaintiff's property is alleged to have sustained from the storm.

## II. Plaintiff's claims for breach of the Texas Insurance Code and Texas Deceptive Trade Practices Act

Defendant argues that plaintiff's claims under the Texas Insurance Code ("TIC") and the Texas Deceptive Trade Practices Act ("DTPA") fail to state a claim for four reasons. First, defendant argues that under *Menchaca*'s independent-injury rule, plaintiff is barred from recovering on its extra-contractual claims because plaintiff failed to allege an independent injury. Doc. 5 at 12–15. Second, defendant argues that plaintiff failed to meet both Rule 8's and Rule 9(b)'s pleading standards in making TIC § 541 and DTPA claims. Third, defendant argues that plaintiff did not plead sufficient facts to show that defendant's alleged TIC § 541 and DTPA violations were a producing cause of plaintiff's damages. Finally, defendant claims that, even if *Menchaca* does not bar recovery, plaintiff failed to plead specific facts to recover under TIC § 542.

### A. *Menchaca*'s independent-injury rule

Defendant argues that plaintiff's extra-contractual claims are barred by *Menchaca* because plaintiff failed to allege sufficient facts to show that defendant's acts or omissions "caused an injury independent of those that would have resulted from a wrongful denial of policy benefits." Doc. 5 ¶ 15. But defendant misunderstands *Menchaca*. That decision simply holds that, if there is no contractual duty for an insurer to pay on a particular claim, then the insurer's violation of a noncontractual obligation in processing that claim cannot result in an award of damages measured by the contract—even if it might result in award of damages in the amount of an injury independent of any failure to perform under the contract. *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018).

Here, however, plaintiff has pleaded that it is owed money under the contract and that the defendant has not paid it. The *Menchaca* rule does not come into play at this stage: plaintiff is not seeking damages on the noncontractual claims of an amount in excess of what plaintiff argues the contract requires defendant to pay.

### B. Whether plaintiff satisfied the pleading standard of Rules 8 and 9(b) for TIC § 541 and DTPA claims

Next, defendant argues that plaintiff failed to meet the heightened pleading standard of Rule 9(b) for all of its TIC § 541 and DTPA claims. Doc. 5 ¶¶ 34–59. Because TIC and DTPA claims are claims based in fraud and misrepresentation, they are subject to Rule 9(b)'s requirements. *Frith*, 9 F. Supp. 2d at 742. "To state claims for misrepresentation or fraud in violation of the Texas Insurance Code, Plaintiffs must meet the 'who, what, when, where, and how' requirements of [FRCP] 9(b)." *Martin Res. Mgmt. Corp.*, 2021 WL 4269565, at *5. Specifically, a plaintiff should "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). A plaintiff cannot simply restate the provisions of the Texas Insurance Code. *See id.* However, the requirements of both Rule 8 and 9(b) must be considered in light of each other, as the relationship between the two is "complimentary." *Frith*, 9 F. Supp. 2d at 742.

Plaintiff alleges that defendant hired ProNet Group, Inc. and Boyd, Inc. to inspect plaintiff's property in January 2020 and October 2020, respectively. *Id.* These allegations satisfy the who, what, when, and where requirements to plead fraud under Rule 9(b). At issue, then, is the how.

#### 1. § 541.060(a)(1)

A violation of § 541.060(a)(1) occurs when the defendant misrepresents to the plaintiff "a material fact or policy provision relating to coverage at issue." Plaintiff alleges that defendant misrepresented: "(i) [t]he proper repair protocol; and (ii) [t]he reasonable and necessary costs to make repairs." Doc. 19-1 ¶ 35. "'The misrepresentation must concern the details of the Plaintiff's insurance policy and not the facts surrounding the claim for coverage.'" *Olschwanger v. State Farm Lloyds*, No. 4:19-cv-00933, 2021 WL 3877689, at *6 (E.D. Tex. July 30, 2021) (quoting *Garcia v. Metro. Lloyds Ins. Co. of Texas*,

No. 1:15-cv-00059, 2015 WL 13203438, at *6 (N.D. Tex. Nov. 19, 2015)).

Plaintiff has not plausibly alleged a violation of subsection (a)(1). Plaintiff's complaint alleges facts related to its policy claim, not that defendant misrepresented something about a specific aspect or detail of the policy. Misrepresentations about the amount of damage and what is owed to plaintiff are not the types of misrepresentation that subsection (a)(1) protects. *La Verdure & Assocs. v. Depositors Ins. Co.*, No. 4:16-cv-00883, 2017 WL 4698150, at *4 (E.D. Tex. Oct. 19, 2017). The court therefore grants the motion to dismiss the claim under subsection (a)(1). The court does, however, grant plaintiff leave to file an amended complaint within 21 days if plaintiff believes that it can plausibly plead more detail as to such a claim.

### 2. § 541.060(a)(2)

Section 541.060(a)(2) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim" when the insurer's liability is reasonably clear. The allegations must concern actions that occurred prior to settlement of the claim. *Thomas v. State Farm Lloyds*, No. 3:15-cv-1937, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015). Defendant argues that plaintiff has not pleaded facts to show that defendant's liability was reasonably clear *before* settlement of the claim and that plaintiff's pleading is conclusory. Doc. 5 ¶ 30; *see also Thomas*, 2015 WL 6751130, at *4.

Here, plaintiff includes several allegations of action that occurred prior to settlement of the claim. Plaintiff alleges that defendant: did not properly investigate interior damage and told plaintiff the damage was not from a wind- or hail-created opening; ignored or attempted to discredit signs of hail-impact damage; failed to acknowledge that hail damage affected the functionality of the roof; and failed to write an estimate that includes all storm-created openings or damages found on the roof. Doc. 19-1 ¶ 38. Contrary to being conclusory, plaintiff adequately alleged facts that, if true, would have shown defendant that its liability was reasonably clear before it denied plaintiff coverage. Thus, plaintiff has plausibly alleged a claim under subsection (a)(2), and defendant's motion is denied.

### 3. § 541.060(a)(3)

Section 541.060(a)(3) prohibits an insurer from "failing to promptly provide Plaintiff a reasonable basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Defendant argues that, because plaintiff acknowledges that defendant sent a "decision letter," plaintiff's pleading refutes itself and plaintiff simply disagrees and is dissatisfied. Doc. 5 ¶ 31. However, providing a decision letter in and of itself does not mean that the insurer satisfies the obligations owed under subsection (a)(3). Specifically, subsection (a)(3) requires the insurer to "promptly provide" a "reasonable basis in the policy," using facts or law, for denial. Plaintiff alleges that defendant "failed to explain how it arrived at the damage amounts paid and failed to explain why a full roof replacement was not needed as a result of the storm event." Doc. 19-1 ¶ 41. Further, plaintiff alleges that the initial inspection was conducted in November 2019, but denial was not issued until Fall 2020. *Id.* ¶ 44. Taken in the light most favorable to the plaintiff, plaintiff plausibly alleges that defendant did not promptly provide a reasonable basis in the policy for denying the claim.

### 4. § 541.060(a)(4)

Section 541.060(a)(4) prohibits an insurer from "failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff." As stated above, plaintiff alleges that defendant did not affirm or deny coverage, or submit a reservation of rights letter, until Fall 2020, even though the first inspection was conducted in November 2019. *Id.* Plaintiff also alleges that a third inspection was conducted in October 2020, which is almost a year after the first inspection. *Id.* ¶ 12. Taken as true, a denial issued about a year after the initial claim was made is enough to plausibly allege a claim under subsection (a)(4).

### 5. § 541.060(a)(7)

Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Under this section, the insurance company or the individual at the insurance company refusing to pay the claim is liable; the individual

who conducted the investigation is not liable. *Messersmith*, 10 F. Supp. 3d at 725. Defendant argues that plaintiff makes conclusory allegations and does not explain why the investigation was unreasonable.

Plaintiff makes several factual allegations that defendant's investigation was not reasonable by alleging that defendant: failed to properly investigate or find all damage from the storm; hired an investigator whose goal was to deny or underpay the claim, despite evidence of damage; and failed to "write an estimate that included damage found by Defendant's own engineer." Doc. 19-1 ¶ 47. Plaintiff also alleges that "Defendant and its adjusters performed an outcome-oriented investigation" that "failed to include all of the damages sustained" and "undervalued the damages observed during the inspection," "which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property." *Id.* ¶¶ 13–15. These allegations are more detailed than the allegations that sufficiently stated a claim in *J. Jacobs Hair Salon & Spa v. Travelers Cas. Ins. Co. of America*, No. SA-13-CA-999-FB, 2014 WL 12489993, at *2 (W.D. Tex. May 22, 2014).

### 6.   § 541.061

Section 541.061 makes it an unfair method of competition or unfair or deceptive act for an insurance company to misrepresent an insurance policy by: "(1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code."

As defendant argues, plaintiff's pleading "merely parrots the statutory language" without tying any facts to it. Doc. 5 ¶ 34. Plaintiff simply restates, almost word-for-word, the language of the statute in its complaint. Although other facts in the complaint allude to plaintiff claiming that defendant violated element (1), it is unclear

what facts relate to the other elements. Thus, plaintiff has not plausibly pleaded a violation, and the motion to dismiss this claim is granted. Plaintiff, however, is granted leave to amend within 21 days if it believes that it can plausibly plead such a claim with the required factual particularity.

### 7. DTPA § 17.50(a)(3)

Defendant argues that this claim should be dismissed because plaintiff parrots the statute and provides no facts to support the claim. To make a DTPA claim, plaintiff must show "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts were a producing cause of the consumer's damages." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016). If a DTPA claim and TIC claim are based on the same theory that underlies the claim for a breach of the duty of good faith and fair dealing, then the DTPA and TIC claims "must fail if the bad faith claim fails." *Beaumont Pres. Partners, LLC v. Int'l Catastrophe Ins. Managers, LLC*, No. 1:10-cv-00548, 2011 WL 6707287, at *9 (E.D. Tex. Oct. 6, 2011). Plaintiff alleges that defendant violated § 17.50(a)(3) of the DTPA, which allows a consumer to bring an action when the insurance company is a producing cause of "any unconscionable action or course of action by any person."

Plaintiff's amended complaint does not satisfy the heightened pleading standard. While plaintiff alleges the "contents of the false representations," plaintiff does not allege "the time, place," or the "identity of the person making the representation and what he obtained thereby." *Franklin v. Apple Inc.*, No. 4:21-cv-00354, 2021 WL 4989952, at *8–9 (E.D. Tex. Oct. 27, 2021). Without these facts, it is unclear how defendant took advantage of plaintiff's lack of knowledge. Plaintiff's claim does not meet the pleading standard. The motion to dismiss this claim is granted. Plaintiff, however, is granted leave to amend within 21 days if it believes that can plausibly plead such a claim with the required specificity.

### C. Whether plaintiff meets the pleading standard for its TIC § 542 claim

Defendant argues that plaintiff did not allege any specific facts that show that defendant violated § 542.058, the Prompt Payment of Claims Statute, because plaintiff does not allege the dates that all items were received or the date(s) defendant partially paid or denied the claim. Doc. 5 ¶¶ 20–21. Plaintiff alleges that defendant violated the statute by delaying payment "for a time exceeding the period specified by statute by under paying" covered damages and "wrongfully denying damages clearly covered." Doc. 19-1 ¶ 26. Plaintiff also alleges that defendant has not paid for all damages arising from its claim. *Id.* ¶ 27. Section 542.058 requires an insurer to pay a claim within 60 days or some other statutorily required timeframe of "receiving all items, statements, and forms reasonably requested and required under Section 542.055;" otherwise, the insurer will be liable for damages and other fines under § 542.060.

Plaintiff has failed to plausibly state a claim under § 542.058. A plaintiff who "wholly fails to allege when he (or even that he) transmitted all items, statements, and forms" and fails to provide facts that "substantiate that Defendant has unlawfully delayed payment of an insurance claim" makes an insufficient claim. *Sanchez v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:21-cv-00401, 2021 WL 5636695, at *6 (S.D. Tex. Dec. 1, 2021). Here, plaintiff failed to allege when it gave defendant notice of the claim and when plaintiff provided all the necessary items. The only fact that plaintiff pleads is that it filed a claim. Without a date or facts to support that plaintiff complied with its own statutory requirements, plaintiff cannot plausibly state a cause of action for this section of the statute. The motion to dismiss this claim is granted. Plaintiff, however, is granted leave to amend within 21 days if it believes that it can plausibly plead such a claim with the required specificity.

## III. Breach of duty of good faith and fair dealing

"The standard for common law breach of the duty of good faith and fair dealing is the same as that for statutory [claims under the Texas Insurance Code]." *Martin Res. Mgmt. Corp.*, 2021

WL4269565, at *6. "[A]n insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear" or by "failing to reasonably investigate a claim." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 n.5 (Tex. 1997). To prevail, "the insured must set forth allegations to demonstrate the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment." *Howley*, 2020 WL 4731968, at *5. Thus, if plaintiff fails to plausibly allege a breach of the duty of good faith and fair dealing, then plaintiff also fails to adequately allege violations of the TIC, and vice versa. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

To the extent that plaintiff adequately alleged violations of the TIC, plaintiff also adequately alleged breach of the duty of good faith and fair dealing. However, to the extent that plaintiff did not adequately allege violations of the TIC, the motion to dismiss is granted, but plaintiff is granted leave to amend within 21 days.

## Conclusion

Plaintiff's motion for leave to file its first amended complaint (Doc. 19) is granted. Defendant's motion to dismiss (Doc. 5) is granted in part and denied in part as described above. To the extent that defendant's motion to dismiss was granted, plaintiff is granted leave to amend within 21 days.

*So ordered by the court on March 30, 2022.*

J. CAMPBELL BARKER
United States District Judge